1  JEFFREY A. TOPOR (SBN 195545)
   jtopor@snllp.com
2  LIANA MAYILYAN (SBN 295203)
   lmayilyan@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile: (415) 352-2625

6  Attorneys for Defendant
   Portfolio Recovery Associates, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON THOMAS,<br><br>    Plaintiff,<br><br>    vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>    Defendant. | CASE NO.: 5:14-cv-00999-VAP-PLA<br><br>**ANSWER TO COMPLAINT BY DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC** |

Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC, erroneously sued as "Portfolio Recovery Associations, LLC" ("Defendant"), hereby submits the following Answer to the Complaint ("Complaint") filed in this action by plaintiff DEON THOMAS ("Plaintiff"):

1.   In answering Paragraph 1 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies the allegations.

2.   In answering Paragraph 2 of the Complaint, Defendant admits that its principal place of business is located at 140 Corporate Boulevard, Norfolk, Virginia 23502.  Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3.   Defendant denies the allegations in Paragraph 3 of the Complaint, including all subparts therein.

4.   In answering Paragraph 4 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies the allegations.

5.   In answering paragraph 5 of the Complaint, Defendant admits that Plaintiff alleges venue is proper in the Central District of California.  Defendant denies that jurisdiction is proper in Riverside Superior Court.  Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6.   In answering Paragraph 6 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies the allegations.

7.   In answering Paragraph 7 of the Complaint, admits that Plaintiff's claim is not about an attorney-client fee dispute.

8.   In answering Paragraph 8 of the Complaint, Defendant admits that it is not a public entity.

9. In answering Paragraph 9 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth about how many small claims lawsuits Plaintiff has filed within the last twelve months, and on that basis denies the allegations.

10. In answering Paragraph 10 of the Complaint, Defendant avers that no response is required of it.

11. In answering Paragraph 11 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth about what Plaintiff understands or how many small claims cases Plaintiff has filed in this past calendar year, and on that basis denies the allegations.

## **AFFIRMATIVE DEFENSES**

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim)**

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**
### **(Statute of Limitations/Laches)**

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

### **THIRD AFFIRMATIVE DEFENSE**
### **(Bona Fide Error)**

To the extent that any violation of law occurred, which Defendant expressly

1  denies, said violation was not intentional and resulted from a bona fide error
2  notwithstanding the maintenance by Defendant of procedures reasonably adapted to
3  avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (No Willful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the financial obligation at issue.

//
//

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

**NINTH AFFIRMATIVE DEFENSE**

**(Apportionment)**

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant.  The liability, if any exists, of Defendant and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendant should be reduced accordingly.

**TENTH AFFIRMATIVE DEFENSE**

**(Supervening Cause)**

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Equitable Indemnity)**

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

//

//

## TWELFTH AFFIRMATIVE DEFENSE
### (First Amendment)

Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the federal Fair Debt Collection Practices Act ("FDCPA"), the California Fair Debt Collection Practices Act (known as "the Rosenthal Act"), and the Telephone Consumer Protection Act ("TCPA") must be rejected as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Materiality)

To the extent that any of the communications by Defendant are deemed to be false or misleading, which Defendant expressly denies, they were not materially false or misleading and therefore are not actionable under the FDCPA or the Rosenthal Act.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff has suffered no "injury in fact" as a result of the alleged violations and therefore lacks standing to sue.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Arbitration)

Plaintiff's claims are, on information and belief, subject to arbitration pursuant to a binding arbitration agreement contained in the terms and conditions governing the credit card account that is the subject of this action, which agreement may be

elected by either party prior to trial or judgment. Defendant reserves its right to compel arbitration of Plaintiff's claims.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure To Comply With Conditions Precedent)

Plaintiff's claim is barred in whole or in part by her failure to comply with a condition precedent to the relief he seeks.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Prior Express Consent)

Plaintiff's claims under the TCPA are barred to the extent that Plaintiff provided prior express consent to be called.

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.
2. That Defendant recover from Plaintiff costs according to proof.
3. That Defendant recover attorneys' fees according to proof.
4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: May 27, 2014                    SIMMONDS & NARITA LLP
                                       JEFFREY A. TOPOR
                                       LIANA MAYILYAN


                                       By:  /s/ Liana Mayilyan
                                            Liana Mayilyan
                                            Attorneys for Defendant
                                            Portfolio Recovery Associates, LLC
                                            erroneously sued herein as "Portfolio
                                            Recovery Associates, LLC"

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the collection and processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On this date, I served copies of the following documents:

1)   **ANSWER TO COMPLAINT BY DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC**

by causing such documents to be placed in a sealed envelope for collection and delivery by the United States Postal Service to the addressee indicated below:

**VIA U.S. MAIL**

Deon Thomas
14626 Red Gum Street
Moreno Valley, CA 92555
*Plaintiff in Pro Per*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on this 27th day of May, 2014.

_____
Coral J. Cogbill